DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

AMANDA SURRATT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1077

_____

April 16, 2025

Appeal from the Circuit Court for Pasco County; Joshua Riba, Judge.

Paula C. Coffman, Orlando, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.


BLACK, Judge.

Amanda Surratt appeals from her judgment and sentence for aggravated child abuse. She contends that the trial court abused its discretion in denying her motion for a continuance, the result of which was that Surratt was denied the opportunity to present testimony that was critical to her defense. Under the facts of this case, we reverse and remand.

On June 28, 2019, the State charged Surratt with a single count of aggravated child abuse. Surratt's defense rested on the testimony of her expert—a board-certified radiologist—that Surratt had not abused the child but that the child's injuries resulted from an undiagnosed metabolic bone disease and issues with aspiration. The expert's testimony, as provided in her deposition, also called into question the validity of the diagnosis provided by one of the State's experts.

Surratt's trial was originally scheduled for September 2022; however, on motion by the State, the trial was continued to March 2023. Jury selection occurred on March 20, 2023. On the morning of March 21 and before the jury was sworn, Surratt's counsel advised the court that Surratt's expert, Surratt's only witness, would not be flying in from California for the trial as scheduled and accordingly that a motion to allow the expert to appear electronically had been filed. The prosecutor objected to Surratt's expert appearing remotely, and the court denied the motion. In doing so, the court acknowledged that Surratt's expert was the only one who could testify to the theory of defense—that Surratt did not cause the injuries to the child. The court stated: "[T]he issue is I now either cut the legs out from underneath the Defense or I allow a witness to appear remotely. . . . This is—this case is going to come down to a battle of the experts and whatever the jury finds."

Following the denial of the motion to have her expert appear electronically, Surratt moved to continue the trial. Surratt's counsel confirmed that the expert witness's flights had been reserved, as well as her accommodations, and that the expert first notified counsel on the evening of March 20, 2023, after jury selection had concluded, that she would not be appearing in person for trial. The court asked the State to respond to the motion to continue, and the prosecutor stated that the

2

trial had already been continued once—without acknowledging that the first continuance was on the State's motion—and that there was no good faith basis to believe that the expert would make herself available for the next trial date. The prosecutor went on to present an inaccurate history of the case to the court, including misinforming the court that it had denied a motion to continue the trial made by Surratt at the most recent pretrial hearing due to concerns over this expert.

Finding that there had been one continuance and numerous pretrial hearings, that Surratt had not put her expert under subpoena or otherwise utilized available options to place her under the jurisdiction of the court, and that no good cause had been shown to delay the trial, the trial court denied the motion to continue.

Surratt presented no witnesses or evidence at trial. The jury heard no testimony in opposition to the State's theory that Surratt had caused the injuries to the child. Ultimately, the jury found Surratt guilty. She was subsequently sentenced to thirty years in prison.

On appeal, Surratt contends that her expert's testimony was critical because it provided an alternative explanation for the child's injuries—an undiagnosed medical condition—such that the court abused its discretion in denying her motion to continue, depriving her of the ability to present a defense to the charge.

"[T]he decision to grant a motion for continuance is within the circuit court's discretion, and the denial of such a motion should not be reversed unless there has been a palpable abuse of that discretion which appears clearly in the record." *Davis v. State*, 313 So. 3d 835, 837 (Fla. 2d DCA 2021) (citing *Weible v. State*, 761 So. 2d 469, 472 (Fla. 4th DCA 2000)). "An abuse of discretion is generally not found unless the court's ruling on the continuance results in undue prejudice to [the] defendant."

3

*Barnhill v. State*, 834 So. 2d 836, 847 (Fla. 2002) (quoting *Kearse v. State*, 770 So. 2d 1119, 1127 (Fla. 2000)). Where continuation is sought due to the failure of a witness to appear or similar witness-related issues, "the defendant [i]s required to show: (1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice." *Geralds v. State*, 674 So. 2d 96, 99 (Fla. 1996) (citing *United States v. O'Neill*, 767 F.2d 780, 784 (11th Cir. 1985)); *accord Smith v. State*, 170 So. 3d 745, 758-59 (Fla. 2015).

*Fisher v. Perez*, 947 So. 2d 648 (Fla. 3d DCA 2007), discusses both the civil rule of procedure governing continuances and the four factors set forth in *Geralds* and, although a civil case, provides a useful comparison. In considering whether counsel had exercised the required due diligence under the civil rule, the court noted that "there has been no case explicitly stating a subpoena is the only way to satisfy the due diligence requirement." *Id.* at 651. The court then found that counsel had acted with due diligence:

> Having decided that the presence or absence of a subpoena, though relevant, is not determinative, we must look at what actions defense counsel actually took to ensure [the expert witness's] presence. Defense counsel contacted [the expert witness] on the Wednesday before Thanksgiving Day, approximately one week before trial, and the [expert] confirmed he would be present. Defense counsel again contacted [the expert witness] during lunchtime the Monday after Thanksgiving Day to ensure [the expert's] presence at trial the following day. Again, [the expert witness] assured defense counsel he would be present. . . . Given these assurances, it is clear that defense counsel did not have any reason to doubt that [the expert witness] would appear at trial.

4

*Id.*

Like the court in *Fisher* did, we can contrast the facts of this case with the facts of *Geralds*, where the court found that counsel "failed to demonstrate compliance with any of the[] requirements" for a continuance:

> [T]he defense did not list [the expert witness] . . . as a possible witness on its witness lists . . . . Instead, defense counsel waited until March 26, 1993, after the [S]tate had rested, to request a continuance to "serve and call" [the expert] after he returned to his office the following week. Defense counsel could not confirm that [the expert] had agreed to be a witness or that he would be available to testify. In turn, defense counsel could not, and did not, make any showing about what [the expert's] "substantially favorable testimony" would be. Lastly, defense counsel made no showing of material prejudice.

674 So. 2d at 99 n.7.

Here, it is apparent not only that Surratt's expert witness would have provided favorable testimony but that the testimony was critical to her defense: the expert was Surratt's only witness in a case that would require the jury to consider competing expert testimony. The trial court acknowledged as much. And while the expert's decision not to appear in person is troubling, the motion to appear remotely includes the assertion that the expert was prepared to testify through electronic means. Ultimately, it is apparent that Surratt suffered undue prejudice upon the denial of her motion to continue the trial. *Cf. Owen v. State*, 363 So. 3d 1035, 1039-40 (Fla. 2023) (concluding that the trial court did not abuse its discretion in denying Owen's request for a continuance where although two of his expert witnesses were unable to testify, Owen presented live testimony of his principal witness).

Under these circumstances, Surratt has established that the trial court abused its discretion in denying her motion to continue the trial. We reverse and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.